IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM L. MEANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1137-HE |
| | ) |
| ROBERT LAMPERT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The Wyoming Department of Corrections and Messrs. Lampert and Voigtsberger have moved for a stay of discovery pending resolution of their motion to dismiss. The Court grants the motion.

The State has moved for dismissal under the Eleventh Amendment and the Tenth Circuit Court of Appeals has recognized the wisdom of deferring discovery pending resolution of a motion to dismiss that is based on sovereign immunity.[1] *Liverman v.*

---

[1] The Wyoming defendants argue that they have raised qualified immunity in their motion to dismiss. This argument is not correct.

When a defendant raises qualified immunity, the Court frequently defers discovery until the issue is resolved. *See McIntosh v. City*, 78 F.3d 597, 1996 WL 108539, Westlaw op. at 2 (10th Cir. Feb. 29, 1996) (unpublished op.) ("When a defendant asserts qualified immunity, the district court should stay discovery until the immunity issue is resolved." (citation omitted)); *see also Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) ("Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." (citation omitted)). Although the Wyoming defendants raised qualified immunity in their answer, they did not do so in their motion to dismiss. They may elect to raise the issue in a summary judgment motion, but no deadline currently exists for such motions.

In these circumstances, a stay would not be warranted if it were to be based solely on qualified immunity. The desired stay could forestall discovery for months without any assurance

*Committee on the Judiciary*, 51 Fed. Appx. 825, 827-28 (10th Cir. Oct. 23, 2002) (unpublished op.).

The parties have not submitted the Plaintiff's interrogatories or document requests and no one has addressed whether they relate to the Eleventh Amendment issues. As a result, the Court has no way of determining whether the written discovery requests relate to the Eleventh Amendment.

In these circumstances, the Court grants the Defendants' motion and stays discovery with respect to the State of Wyoming, Mr. Lampert, and Mr. Voigtsberger.[2] These parties cannot initiate discovery and need not respond to discovery requests by the Plaintiff or the codefendants until further order. If any party wishes to initiate discovery with respect to the State of Wyoming, Mr. Lampert, or Mr. Voigtsberger during the stay, the requesting party should file a motion requesting modification of the present order. Any such motion should address whether the requested discovery involves issues in the Wyoming defendants' dispositive motion or the issues to be addressed at the hearing on the motion for a preliminary injunction.

---

that Mr. Lampert or Voigtsberger even intends to pursue qualified immunity through a dispositive motion.

[2]   The other defendants have not requested a stay and the present order does not affect discovery between them and the Plaintiff.

So ordered this 10th day of August, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge