IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM L. MEANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-06-1137-HE |
| | ) |
| ROBERT LAMBERT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**
**CONCERNING THE WDOC DEFENDANTS' MOTION TO DISMISS**

The Plaintiff has sued for violation of his religious rights at the North Fork Correctional Facility ("NFCF"). According to Mr. Means, the Wyoming Department of Corrections ("WDOC"), WDOC Director Robert Lampert, and WDOC Housing and Classification Manager Carl Voigtsberger are legally responsible for the violations based on a failure to monitor the contract between Wyoming and the NFCF.

Defendants WDOC, Lampert and Voigtsberger move for dismissal.[1] The Court should:

- grant dismissal under the Eleventh Amendment on all claims against the WDOC and the official capacity claims against Messrs. Lampert and Voigtsberger for monetary damages and declaratory relief,

- overrule the motion to dismiss under the Eleventh Amendment on the claims against Messrs. Lampert and Voigtsberger for prospective injunctive relief, and

---

[1] Some of the remaining defendants have separately moved for dismissal. That dispositive motion will be addressed elsewhere.

- grant the motion to dismiss on the remaining claims against Messrs. Lampert and Voigtsberger for failure to allege a basis of supervisory liability.

## STANDARD FOR DISMISSAL

Dismissal for failure to state a valid claim is proper only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Means' must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## ELEVENTH AMENDMENT IMMUNITY

Mr. Means has sued the WDOC and Messrs. Lampert and Voigtsberger in their official and individual capacities. *See* Complaint at p. 2 (Oct. 17, 2006) ("Complaint"). The Defendants argue that the Eleventh Amendment forecloses relief against the WDOC and Messrs. Lampert and Voigtsberger in their official capacities.[2] Wyoming Defendants'

---

[2] In seeking dismissal, the Defendants rely on Federal Rule of Civil Procedure 12(b)(1). In other jurisdictions, courts have disagreed about whether they should consider Eleventh Amendment immunity under Rule 12(b)(1) or 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)."). Courts also differ on whether the standards for dismissal under Rules 12(b)(1) and 12(b)(6) are the same. *Compare Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) ("the standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical"), *and Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (*per curiam*) (stating that the "same standard" applies in review of dismissals for failure to state a claim under Rule 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1)), *with Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993) ("Colafella and Kehr

Memorandum of Law in Support of Their Motion to Dismiss at pp. 4-6 (Mar. 5, 2007) ("Motion to Dismiss"). The Defendants are correct with respect to the Plaintiff's claims against the WDOC and the official capacity claims against Messrs. Lampert and Voigtsberger for monetary damages and declaratory relief. However, Mr. Lampert and Mr. Voigtsberger are not entitled to Eleventh Amendment immunity on Mr. Means' request for injunctive relief.

I.      Eleventh Amendment Immunity

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

II.     Claims Against the WDOC

The Plaintiff alleges that the WDOC is a state agency. Complaint at p. 2; *see also* Wyo. Stat. Ann. § 9-2-2012(a) (1977) (creating the Wyoming Department of Corrections

---

Packages explicitly state that the standard for dismissal under [Rules 12(b)(1) and 12(b)(6)] is different."). However, the potential difference in standards would not affect the outcome on the Defendants' Eleventh Amendment challenge.

"[a]s part of the reorganization of Wyoming state government"). The Eleventh Amendment forecloses suit in federal court against the WDOC regardless of the remedies bring sought.[3]

### III.  Official Capacity Claims Against Messrs. Lampert and Voigtsberger

For the official capacity claims against Messrs. Lampert and Voigtsberger, the applicability of the Eleventh Amendment turns on whether the Plaintiff is seeking prospective or retrospective relief. *See Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001). Recovery of retrospective remedies are generally unavailable in federal court under the Eleventh Amendment. *See id*.

Remedies are considered "retrospective" when they are designed to compensate individuals for past violations or to indirectly encourage compliance with federal law through deterrence. *See Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). This principle applies if the desired relief would involve damages or a remedy which would be tantamount to damages and entail fiscal consequences for the state treasury. *See id.* at 278. Thus, Mr. Means' request for monetary damages against Messrs. Lampert and Voigtsberger, in their official capacities, would involve retrospective relief.

The same is true for the Plaintiff's official capacity claims for a declaratory judgment. *See Powder River Basin Resource Council v. Babbitt*, 54 F.3d 1477, 1483 (10th Cir. 1995)

---

[3] *See Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998) ("the Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief"); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("the Eleventh Amendment bars a suit brought in federal court by the citizens of a state against the state or its agencies, and applies 'whether the relief sought is legal or equitable'" (citations omitted)).

(holding that the applicability of the Eleventh Amendment to a declaratory judgment turns on the nature of the claim).  The amendment applies here because Mr. Means is simply requesting a declaratory judgment stating that the Defendants had committed wrongdoing in the past.  Complaint at pp. 7-8; *see Green v. Mansour*, 474 U.S. 64, 74 (1985); *see also Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004) (upholding the district court's conclusion that claims for "retrospective declaratory relief are barred by the Eleventh Amendment").

   An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress.  *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003).  But the State of Wyoming has not waived its Eleventh Amendment immunity.  *See Ware v. Wyoming Board of Law Examiners*, 973 F. Supp. 1339, 1352 (D. Wyo. 1997), *aff'd*, 161 F.3d 19, 1998 WL 670212 (10th Cir. Sept. 22, 1998) (unpublished op.)  ("[Wyoming's] waiver of its sovereign immunity for claims brought under Wyo. Stat. § 1-39-113 does not amount to a waiver of its Eleventh Amendment immunity").  And Congress did not abrogate Wyoming's Eleventh Amendment immunity through the enactment of Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Thus, the Eleventh Amendment forecloses any cause of action against Messrs. Lampert and Voigtsberger for monetary damages or declaratory relief in their official capacities.  *See*

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984). The Court should dismiss these claims without prejudice to refiling.[4]

In contrast, the injunction claims are not subject to Eleventh Amendment immunity.

Official capacity claims for equitable relief are not ordinarily subject to the Eleventh Amendment when they are prospective. *See Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1196 (10th Cir. 1998). Relief is considered "prospective" when it is "designed to end a continuing violation of federal law [and is] necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).

The Plaintiff seeks return of his religious property and an order forbidding the Defendants from sending out or disposing of the property. Complaint at p. 8. If Mr. Means can establish liability, the requested relief would terminate an ongoing violation of federal law and vindicate the federal interest in assuring the supremacy of federal law. As a result, the requested relief would be considered "prospective" and fall outside of the Eleventh Amendment protection afforded to Messrs. Lampert and Voigtsberger in their official capacities. In these circumstances, the Court should reject the argument for dismissal by

---

[4] Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court. *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980). Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court. *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

Messrs. Lampert and Voigtsberger, in their official capacities, on the claims for prospective administrative equitable relief.

## NONEXHAUSTION OF AVAILABLE ADMINISTRATIVE REMEDIES

Messrs. Lampert and Voigtsberger contend that the Plaintiff has not exhausted his claim involving a failure to monitor the contract governing incarceration in a private prison. Motion to Dismiss at pp. 14-16.  The Defendants are incorrect because there is no available remedy for the present claims.

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000).

The North Fork Correctional Facility has created an administrative procedure.  But the present claims do not fall within this procedural framework.

The Corrections Corporation of America ("CCA") grievance policy provides:

Non-Grievable Matters

The following matters are <u>not</u> grievable by inmates/residents through these grievance procedures:

. . . .

4.   Contracting agency (BOP, INS, state department of corrections, etc.) policies, procedures, decisions or matters (i.e., institutional transfers, parole and probation decisions, etc.) . . . .

Inmate/Resident Rights: Inmate/Resident Grievance Procedures at p. 3 (eff. Dec. 1, 2002) (emphasis in original).

Messrs. Lampert and Woigtsberger point out that the CCA grievance procedure expressly requires the prisoner to send the grievance to the contract monitors when the allegations involve the WDOC. *Id.* at p. 5. But sending the grievance to the contract monitors would not have created an administrative remedy for Mr. Means.[5] Because the claims against Mr. Lampert and Mr. Voigtsberger were non-grievable, no administrative remedy would have existed even if Mr. Means had notified the contract monitors. *See Murry v. Bradley*, Case No. CIV-02-990-M, slip op. at 9 (W.D. Okla. July 23, 2003) (unpublished report and recommendation by magistrate judge, stating that under Paragraph 14-5.5(C)(4),

---

[5] In the complaint, Mr. Means relies in part on the contract entered on June 15, 2006, between CCA and the WDOC. Complaint at p. 6. Although the contract has not been submitted by the parties, it is subject to judicial notice. *See Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) (holding that in connection with a motion to dismiss, the district court could consider a deed and settlement agreement which had been referenced but not included with the complaint). The contract provides:

> WDOC inmates housed by CCA pursuant to this Contract shall not have access to the WDOC inmate grievance procedure, and their exhaustion of the grievance procedure provided by CCA shall be considered exhaustion of available grievance procedures. An inmate may write the WDOC Contract Monitor if not satisfied with resolution of a grievance at the Facility, but such communication and subsequent response from WDOC will not be considered part of the grievance process afforded by CCA or of the WDOC grievance procedure.

Contract for Services Between the State of Wyoming, Department of Corrections, and Corrections Corporation of America for Housing of Wyoming Inmates at North Fork Correctional Facility in Sayre, Oklahoma at p. 12 (June 15, 2006) (attached). The second sentence of the clause belies the availability of an administrative process even when the prisoner notifies the WDOC contract monitor.

CCA's "grievance procedure may not be used to challenge policies, procedures, and matters established by the [Wisconsin Department of Corrections]"), *adopted* (W.D. Okla. Sept. 3, 2003) (unpublished order by district judge).

Because Mr. Means' allegations against Messrs. Lampert and Voigtsberger were not considered "grievable" under the CCA policy, the Court should reject their argument for dismissal based on nonexhaustion of administrative remedies.

## SUPERVISORY LIABILITY OF MESSRS. LAMPERT AND VOIGTSBERGER

The Plaintiff has failed to allege a factual basis for liability on the part of Mr. Lampert or Mr. Voigtsberger.

In responding to the motion to dismiss, Mr. Means relies on a theory of supervisory liability. Response to Wyoming Defendants' Motion to Dismiss and Brief in Support at p. 6 (Aug. 7, 2007). In this discussion, the Plaintiff concedes that he must allege constitutional violations by the Defendants' subordinates to invoke a theory of supervisory liability. *Id*.; *see Serna v. Colorado Department of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) (for supervisory liability under Section 1983, "a plaintiff must first show the supervisor's subordinates violated the constitution").

The Plaintiff did not make any such allegations in the complaint. There he did allege underlying constitutional violations, but by the personnel for CCA rather than the WDOC. Complaint at pp. 3-7. As the Plaintiff points out, CCA and the WDOC are related by contract rather than employment. *Id.* at p. 6; *see supra* note 5. Thus, as a matter of law,

CCA personnel cannot be considered "subordinates" of the WDOC's employees. *See* Mead, *Evolution of the 'Species of Tort Liability' Created by 42 U.S.C. § 1983: Can Constitutional Tort Be Saved from Extinction?*, 55 Fordham L. Rev. 1, 44 n.257 (1986).[6]

In the complaint, Mr. Means had not suggested any involvement by subordinates of Mr. Lampert or Mr. Voigtsberger. Instead, the Plaintiff alleged in the complaint that Mr. Lampert and Mr. Voigtsberger had "failed to supervise and monitor their own contract with defendant [CCA] and it's [sic] officers and employees . . . ."[7] Rather than allege a failure to supervise a subordinate, Mr. Means had claimed a failure to supervise an object - namely, a contract. No court has ever stretched supervisory liability to cover the supervision of an object rather than a person. The Court should reject this theory as a matter of law and dismiss the personal capacity and equitable causes of action against Messrs. Lampert and Voigtsberger for failure to state a valid claim. However, the dismissal should be without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

---

[6] There Professor Mead stated:

> Both municipal and supervisory liability apparently would still be limited to employee's acts. Although non-employers in some circumstances may be liable for the acts of independent contractors, these generally involve situations in which an independent contractor has been hired to do a particular job.

Mead, *Evolution of the 'Species of Tort Liability' Created by 42 U.S.C. § 1983: Can Constitutional Tort Be Saved from Extinction?*, 55 Fordham L. Rev. 1, 44 n.257 (1986).

[7] Complaint at p. 6; *see also id.* at pp. 7-8 (alleging a failure by Mr. Lampert and Mr. Voigtsberger "to monitor and enforce the terms of their contract with defendant [CCA]"), p. 9 (alleging a failure by Messrs. Lampert and Voigtsberger "to monitor their contract and to preserve the plaintiff's rights").

## SUMMARY OF RECOMMENDATIONS

The Eleventh Amendment provides immunity for the WDOC on all of the claims and for Messrs. Lampert and Voigtsberger on the official capacity claims for damages and declaratory relief. For the claims involving Mr. Lampert and Mr. Voigtsberger in their personal capacities and in their official capacities for equitable relief, the Court should overrule the argument for dismissal based on nonexhaustion. But the Court should dismiss these claims, without prejudice, for failure to allege facts indicating supervisory liability on the part of Mr. Lampert and Mr. Voigtsberger.

## NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by October 8, 2007. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 18th day of September, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge