IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-1137-HE |
| | ) | |
| ROBERT LAMBERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION
CONCERNING THE CCA DEFENDANTS' MOTION TO DISMISS**

The Plaintiff has sued for violation of his religious rights. According to Mr. Means, the Defendants violated the federal constitution through:

- negligence,

- confiscation of religious property,

- denial of access to religious property,

- due process violations through the failure to respond to written complaints,

- failure to prevent or correct violations, and

- conspiracy.

Defendants Correctional Corporation of America ("CCA"), Ferguson, Figueroa, Crouse and Wright move for dismissal.[1] Based on nonexhaustion of administrative remedies, the Court should dismiss the claims for:

---

[1] Defendants Lampert, Voigtsberger and the Wyoming Department of Corrections have separately moved for dismissal. That dispositive motion has been addressed elsewhere.

- failure to prevent or correct violations and

- conspiracy.

On other grounds, the Court should also dismiss:

- Mr. Means' theories of *respondeat superior*, deprivation of due process, and negligence and

- all of the claims against CCA and Mr. Ferguson.

The motion to dismiss should be denied on the damage claims against Messrs. Figueroa, Crouse, and Wright for emotional distress.

## STANDARD FOR DISMISSAL

Dismissal for failure to state a valid claim is proper only if the Plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007). The well-pleaded factual allegations in the complaint must be accepted as true and construed in the light most favorable to the Plaintiff. *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). A *pro se* complaint like Mr. Means' must be broadly construed under this standard. *See Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## PARTIAL NONEXHAUSTION OF
## AVAILABLE ADMINISTRATIVE REMEDIES

The Defendants contend that the Plaintiff has not exhausted his claims involving:

- failure to prevent or correct violations,

- conspiracy, and

- emotional distress.

Defendants' Motion to Dismiss and Brief in Support at pp. 7-8 (Feb. 20, 2007) ("Motion to Dismiss").[2] The Defendants are correct on the first two claims and incorrect on the third.

I.   The Exhaustion Requirement

Federal law provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2000). This law "requires proper exhaustion" of the prison's administrative remedies. *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 2387 (2006).

II.   The Administrative Process

The North Fork Correctional Facility has created an administrative process. In that process, an inmate must initially seek informal resolution through a grievance worksheet form. *See* Inmate/Resident Rights: Inmate/Resident Grievance Procedures at p. 2 (eff. Dec. 1, 2002).[3] If the grievance worksheet does not lead to a resolution, the inmate can file a

---

[2] The Defendants also argue that the Plaintiff did not exhaust his theories of negligence, *respondeat superior*, and deprivation of due process. Motion to Dismiss at p. 8. The Court need not address these arguments because the causes of action are invalid on other grounds. *See infra* pp. 6-11.

[3] The Defendants provided the Court with a copy of the grievance procedures. *See* Motion to Dismiss, Exh. 1. In resolving the exhaustion defense, the Court can consider the attachment without conversion of the motion for dismissal to one for summary judgment. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007).

formal grievance.  *See id.* at pp. 2, 5.  If resolution is still not reached, the prisoner can appeal to the warden.  *See id.* at p. 6.

III.   The Claims Involving Conspiracy and Failure to Prevent or Correct Violations

Mr. Means did not utilize the administrative process on the claims involving:

- conspiracy or
- failure to prevent or correct violations.

*See* Motion to Dismiss, Exh. 2.  Although the Plaintiff grieved the denial of religious articles, he did not include anything in the administrative documents about an agreement to violate his rights or a failure to prevent or correct the violations.  *See id.*  Thus, these claims were unexhausted.  *See Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006).[4]

The Plaintiff argues that he had no available remedies because the prison rules prohibit grievances concerning "[f]inal decisions on grievances."  Response to Defendants CCA, Ferguson, Figueroa, Crouse and Wright's Motion to Dismiss and Brief in Support at p. 3 (Aug. 9, 2007) ("Plaintiff's Response"); *see* Motion to Dismiss, Exh. 1 at p. 3.  This argument is invalid.

In his grievances, Mr. Means addressed only the confiscation and withholding of his religious property.  *See* Motion to Dismiss, Exh. 2.  He did not address concerns about a

---

[4]   In *Kikumura v. Osagie*, the Court of Appeals held that the inmate plaintiff had exhausted claims involving the denial of medical treatment.  *See Kikumura v. Osagie*, 461 F.3d at 1285.  But the court also held that the plaintiff had failed to exhaust administrative remedies against supervisory personnel for deficiencies in training and discipline that had allegedly led to the underlying violations.  *See id.* at 1285-86.

conspiracy or failure to prevent or correct violations. *See id.* These issues were grievable and Mr. Means chose not to include them in the grievances that he filed. When officials rendered a decision on the grievances, they were not providing a "final decision on grievances" involving a conspiracy or failure to prevent or correct violations. Thus, Mr. Means cannot avoid the exhaustion requirement by relying on the provision for "final decisions on grievances."

Because Mr. Means did not exhaust the two claims, they should be dismissed without prejudice to refiling. *See Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) ("'[a] dismissal based on lack of exhaustion . . . should ordinarily be without prejudice'" (citation omitted)).

IV.   Claims for Emotional Distress

The Defendants also allege nonexhaustion on Mr. Means' theory of emotional injury. Motion to Dismiss at p. 8. The Defendants are not entitled to dismissal of this claim based on nonexhaustion.

The CCA grievance process does not specify the level of detail required in a grievance. *See* Inmate/Resident Rights: Inmate/Resident Grievance Procedures, *passim* (eff. Dec. 1, 2002). Thus, the test is whether the grievance was sufficiently specific to allow prison officials to "tak[e] appropriate measures to resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1282-85 (10th Cir. 2006) (citing *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006)).

Mr. Means' grievances sufficed under this standard. The allegation of emotional distress pertains to the type of damage suffered rather than the nature of the Defendants' underlying conduct.

The CCA policy defines a "grievance" as:

> [a] written complaint concerning the substance or application of a written or unwritten policy or practice, any single behavior or action toward an inmate/resident by staff or other inmates, or any condition or incident within the department or institution which personally affects the inmate/resident.

Inmate/Resident Rights: Inmate/Resident Grievance Procedures at p. 1 (eff. Dec. 1, 2002). The policy did not require a description of the damage suffered. Thus, the Plaintiff did not fail to exhaust the claims involving damages arising from emotional distress.

## THEORIES OF LIABILITY INVOLVING *RESPONDEAT SUPERIOR* OR THE FAILURE TO SUPERVISE

The Plaintiff alleges *respondeat superior* and supervisory liability. Complaint at p. 6 (Oct. 17, 2006) ("Complaint"). The causes of action based on *respondeat superior* and supervisory liability fail to state a claim on which relief can be granted.

I.    Claims Against CCA

Under Section 1983, liability cannot be imposed "vicariously on a theory of *respondeat superior*."[5] Thus, CCA would incur liability under Section 1983 only if the harm had resulted from a policy or custom on the part of the corporation.[6]

In the complaint, Mr. Means did not allege that CCA had an unconstitutional policy or custom which caused the alleged violation. *See* Complaint, *passim*. In his response, the Plaintiff claims that the violation had occurred "pursuant to Wyoming Department of Corrections Handbook (official policy)." Plaintiff's Response at p. 5. This allegation is insufficient to create liability on the part of CCA.

The Plaintiff has identified a policy of the Wyoming Department of Corrections, but he has not alleged an unconstitutional policy on the part of CCA. Thus, the claims against CCA should be dismissed.[7] Because the defect is potentially curable, however, the dismissal

---

[5] *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006); *see also Smedley v. Correctional Corp. of America*, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished op.) ("[A] private actor such as CCA 'cannot be held liable solely because it employs a tortfeasor–or, in other words . . . cannot be held liable under § 1983 on a respondeat superior theory.'" (citation omitted)).

[6] *See Smedley v. Correctional Corp. of America*, 175 Fed. Appx. 943, 946 (10th Cir. Dec. 20, 2005) (unpublished op.) ("in order to hold CCA liable for the alleged tortious acts of its agents, [the detainee-plaintiff] must show that CCA directly caused the constitutional violation by instituting an 'official municipal policy of some nature,' that was the 'direct cause' or 'moving force' behind the constitutional violations" (citations omitted)).

[7] *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) ("a private corporation is liable under § 1983 *only* when an official policy or custom of the corporation causes the alleged deprivation of federal rights" (citations omitted; emphasis in original)); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (holding that a corporation can only incur liability under Section 1983 based on its own unconstitutional policies).

should be without prejudice. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990).

II.     The Claims Against CCA President John Ferguson

Mr. Means has named CCA's president, Mr. John Ferguson, as a defendant. Complaint at p. 2. According to the Plaintiff, Mr. Ferguson is liable based on the theory of *respondeat superior* and the failure to enforce the policies of North Fork Correctional Facility. *Id.* at p. 6. Defendant Ferguson is entitled to dismissal.

As noted above, Mr. Means cannot establish a Section 1983 claim under the theory of *respondeat superior*. *See supra* p. 7. Instead, personal participation is necessary for individual liability under Section 1983. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Thus, a supervisor may only be held liable if the inmate identifies an "affirmative link" between the constitutional deprivation and the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *See Holland v. Harrington*, 268 F.3d 1179, 1187 (10th Cir. 2001).

Mr. Means has not alleged facts indicating that John Ferguson:

- personally participated in, or exercised control or direction of, the confiscation or withholding of the Plaintiff's religious property, or

- had a duty to supervise any of the other defendants.

*See* Complaint, *passim*. Consequently, the Court should grant the Defendants' motion to dismiss all claims against Mr. Ferguson.[8] But because the defect is potentially curable, the dismissal should be without prejudice. *See supra* pp. 7-8.

## MR. MEANS' DUE PROCESS CLAIM

In the complaint, Mr. Means asserts a deprivation of due process through the failure of Defendants Crouse and Figueroa to respond to written requests. Complaint at p. 7. In responding to the motion to dismiss, Plaintiff's counsel concedes that the due process claim is unsupportable. Plaintiff's Response at p. 6. As a result, the Court should dismiss without prejudice[9] the due process claims involving Messrs. Crouse and Figueroa.

## THE PLAINTIFF'S NEGLIGENCE CLAIM

In part, Mr. Means claims that the Defendants are liable for damages based on their "passive negligence." Complaint at p. 6. However, "[n]egligence is not a basis for liability under § 1983 . . . ." *Darr v. Town*, __ F.3d __, 2007 WL 2218882, Westlaw op. at 11 (10th Cir. Aug. 3, 2007) (to be published). Therefore, the Court should grant the Defendants' motion to dismiss Mr. Means' negligence theory. However, the dismissal should be without prejudice because the defect is potentially curable. *See supra* pp. 7-8.

---

[8] *See Trujillo v. Williams*, 465 F.3d 1210, 1227-28 (10th Cir. 2006) (upholding dismissal of Section 1983 claims because the complaint did not indicate personal participation by the named defendants); *see also Cole v. Corrections Corp. of America*, 2007 WL 2248169, Westlaw op. at 1, 5-6 (W.D. Okla. Aug. 2, 2007) (unpublished op.) (dismissing John Ferguson as a defendant in light of the failure to allege that the CCA president had personally authorized, supervised, or participated in any decisions relating to the plaintiff).

[9] *See supra* pp. 7-8.

## THE PLAINTIFF'S REQUEST FOR DAMAGES
## FROM EMOTIONAL DISTRESS

According to the Defendants, the Court must dismiss Mr. Means' request for damages based on emotional distress because of the absence of a "physical injury." Motion to Dismiss at pp. 14-15. This argument is invalid.

The Defendants' argument fails because the absence of a physical injury would not invalidate the underlying cause of action. According to federal law, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (2000).

The Plaintiff argues that the law does not apply to First Amendment claims. Plaintiff's Response at pp. 5-6. In doing so, the Plaintiff relies on two district court cases in other circuits: *Siggers-El v. Barlow*, 433 F. Supp. 2d 811 (E.D. Mich. 2006), and *Mason v. Shriro*, 45 F. Supp. 2d 709 (W.D. Mo. 1999). Plaintiff's Response at pp. 5-6. But the Tenth Circuit Court of Appeals has squarely rejected this line of authority, "disagree[ing] with the reasoning in *Mason* [*v. Schriro*]" and holding that 42 U.S.C. § 1997e(e) applies to First Amendment claims. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001).

Even though Section 1997e(e) applies, the Court should decline to dismiss the Plaintiff's claims. Even if the Plaintiff has not alleged physical injuries, he could obtain:

- nominal or punitive damages,[10] or

- declaratory or injunctive relief.[11]

As a result, the claims should not be dismissed. *See Johnson-Bey v. Ray*, 38 Fed. Appx. 507, 510 (10th Cir. Mar. 19, 2002) (unpublished op.) ("The fact that plaintiff suffered no physical injury resulting from the officer's alleged action, though relevant to the issue of damages, does not require dismissal of the claim." (citations omitted)).

## SUMMARY OF RECOMMENDATIONS

The Defendants' motion to dismiss should be granted:

- on the Plaintiff's claims involving failure to respond to written complaints, failure to prevent or correct violations, and conspiracy;

- the claims against Defendants CCA and Ferguson; and

- Mr. Means' theory of negligence.

The dismissal of these claims should be without prejudice.

The Court should deny the Defendants' motion to dismiss on the Plaintiff's request for damages from emotional distress.

---

[10] *See Searles v. Van Bebber*, 251 F.3d 869, 878-79 (10th Cir. 2001) (nominal damages); *Ames v. Brown*, 2006 WL 1875374, Westlaw op. at 6 n.13 (10th Cir. July 7, 2006) (unpublished op.) (punitive damages); *see also McDaniels v. McKinna*, 96 Fed. Appx. 575, 581 (10th Cir. Apr. 27, 2004) (unpublished op.) (stating that an inmate could pursue a claim for nominal or punitive damages based on alleged violations of the First Amendment).

[11] *See Perkins v. Kansas Department of Corrections*, 165 F.3d 803, 808 (10th Cir. 1999) ("We agree with our sister circuits that § 1997e(e) does not affect actions for declaratory or injunctive relief.").

Adoption of the recommendations would result in the survival of Mr. Means' claims against Messrs. Figueroa, Crouse, Wright, and Russell[12] for the confiscation of, and denial of access to, religious property.

### NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by October 8, 2007. *See* W.D. Okla. Local Civil Rule 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 18th day of September, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[12]   Mr. Means has not filed proof of service on Ms. Russell.