IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-1137-HE |
| | ) | |
| ROBERT LAMPERT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION CONCERNING THE
<u>PLAINTIFF'S SECOND MOTION FOR A PRELIMINARY INJUNCTION</u>**[1]

In the complaint, Mr. Means alleges confiscation of his religious property. In his second motion for a preliminary injunction,[2] the Plaintiff seeks an order prohibiting his transfer to another facility during the pendency of his civil suit. The Court should deny the request because the Plaintiff has not established a relationship between the need for an injunction and the conduct asserted in the complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[3] "Thus, a party moving for a preliminary

---

[1] Mr. Means entitled his motion as one for a protective order and injunctive relief. In effect, the request would entail entry of a preliminary injunction.

[2] Mr. Means' first motion for a preliminary injunction is under advisement.

[3] *See Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir.

injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[4]

In the complaint, Mr. Means challenges the confiscation of religious property, rather than issues involving a potential transfer. Thus, a preliminary injunction would be inappropriate to address the latter and the Court should deny the request for a preliminary injunction.

The Plaintiff can object to this report and recommendation. To do so, Mr. Means must file an objection with the Clerk of this Court. The deadline for objection is February 17, 2008. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The referral is not terminated.

---

1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint").

[4]     *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that one seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)); *cf. Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the habeas petition).

Entered this 28th of January, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge