**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM L. MEANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-06-1137-HE |
| | ) |
| ROBERT LAMBERT, ET AL., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff William Means, a state prisoner, instituted this action pursuant to 42 U.S.C. § 1983, suing for alleged violations of his religious rights at the North Fork Correctional Facility ("NFCF").[1] He claims defendants Wyoming Department of Corrections ("WDOC"), WDOC Director Robert Lampert, and WDOC Housing and Classification Manager Carl Voigtsberger are liable for failing to monitor the contract between Wyoming and the NFCF. Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Robert E. Bacharach, who has recommended that all claims against the WDOC and the official capacity claims against defendants Lampert and Voigtsberger for monetary damages and declaratory relief be dismissed on Eleventh Amendment grounds. He recommended that the motion be granted as to the remaining claims against defendants Lampert and Voigtsberger for failure to allege a factual basis for supervisory liability.

The plaintiff objected to the Report and Recommendation, stating that, "[a]s clearly

---

[1] *The plaintiff, following a conviction, was committed to the custody of the Director of the Wyoming Department of Corrections. He is currently serving his sentence at the North Fork Correctional Facility located in Sayre, Oklahoma.*

demonstrated in Plaintiff's Response to Defendants' Motion to Dismiss, Plaintiff should be allowed to proceed forward with all his claims." Plaintiff's objection, p. 1. However, Fed.R.Civ.P. 72 requires that, when a magistrate judge issues a ruling on a dispositive pretrial motion, a party must "serve and file specific, written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b). By failing to make specific objections to a magistrate judge's Report and Recommendation, which focus the court's attention on the factual and legal issues in dispute, a party waives appellate review. The plaintiff here, by his general objection, has waived his right to appellate review of the factual and legal issues addressed by the magistrate judge, as have the defendants. United States v. One Parcel of Real Property, 73 F.3d 1057, 1059-60 (10th Cir. 1996). *See* 28 U.S.C. § 636(b)(1)(C); LCvR72.1. The court has, however, considered the Report and Recommendation and agrees with the magistrate judge's analysis of the plaintiff's claims.

Accordingly, the court adopts the Report and Recommendation [Doc. #77] in its entirety. Defendants' motion to dismiss [Doc. #54] is **GRANTED** as to the claims against WDOC and the official capacity claims against Lampert and Voightsberger for damages and declaratory relief, on the basis of Eleventh Amendment immunity. The motion is **GRANTED** as to the remaining claims against Lampert and Voightsberger (for injunctive relief in their official capacities and the individual capacity claims) on the basis of failure to allege a basis for supervisory liability on their part. Plaintiffs claims are therefore **DISMISSED**, on the grounds indicated, without prejudice.

This order does not terminate the referral to Magistrate Judge Bacharach.

**IT IS SO ORDERED**.

Dated this 31st day of January, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE