# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM L. MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-06-1137-HE |
| | ) | |
| ROBERT LAMPERT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff William L. Means, an inmate under the custody of the Wyoming Department of Corrections currently being housed at the North Fork Correctional Facility in Sayre, Oklahoma, seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of First Amendment free exercise of religion rights.  Pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Robert E. Bacharach.  Plaintiff's claims against various defendants have previously been dismissed.  The remaining defendants filed a motion for summary judgment [Doc. #110], to which plaintiff responded [Doc. #114], defendants replied [Doc. #115], and plaintiff surreplied [Doc. #116].  Before the court is the magistrate judge's Report and Recommendation [Doc. #117], which recommends that summary judgment be granted as to plaintiff's First Amendment claims and that the complaint be construed to allege a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*

All remaining parties have filed objections to the Report and Recommendation. Plaintiff has made a pro forma objection to the report insofar as it recommends granting

defendants' motion for summary judgment on plaintiff's constitutional claim. The Court of Appeals has adopted a "firm waiver rule," pursuant to which a party's objection to a magistrate judge's report must be both timely and specific in order to preserve an issue for further review. United States v. 2121 East 30th Street, 73 F.3d 1057, 1059-60 (10th Cir. 1996). Plaintiff's general, non-specific objection is hence insufficient to raise an issue for review here and he is deemed to have waived his objections to the report. In any event, after review of the summary judgment submissions of the parties, the court concludes, substantially for the reasons stated by Judge Bacharach in his thorough report, that defendants' motion for summary judgment must be sustained insofar as it addresses plaintiff's constitutional claim under the First Amendment. The undisputed facts clearly establish the absence of a constitutional violation.

Defendants object to that portion of the report which concludes that plaintiff's complaint should be construed to include a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants argue such a conclusion is not warranted in light of plaintiff's "all or nothing" stance relating to his access to the various religious artifacts and that the complaint fails to allege facts sufficient to make out a RLUIPA claim. Defendants' objection appears to overstate the nature of the magistrate judge's recommendation. The court does not understand the magistrate judge's report to conclude that plaintiff's complaint "states a claim" within the meaning of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1964 or Fed. R. Civ. P. 12(b)(6). Rather, it simply concludes that the complaint should be construed to assert such a claim and that, in the present procedural posture of the case, that claim should not be deemed included within the parameters of

defendants' summary judgment motion. The report recommends re-referral of the case to the magistrate judge for further proceedings as to the RLUIPA claim.

In light of the pro se status of the defendant at the time the complaint was filed and the references in other, later pleadings to RLUIPA or its predecessor or the standards which apply to those acts, the court concludes the complaint should be construed to include an asserted claim for violation of RLUIPA. That conclusion does not mean, nor does the court otherwise suggest, that the complaint, so construed, actually states a claim under RLUIPA. That is among the issues which, if otherwise properly raised, should be considered upon re-referral of the case. The court notes that the complaint in this case, while filed by plaintiff as a pro se filing, is not the sort of rambling or unfocused effort that is found in many pro se filings. Rather, it plainly reflects the skill and involvement of legal counsel (or a very accomplished "jailhouse lawyer") and explicitly and repeatedly refers to the claims asserted by it as being based on the First Amendment to the U. S. Constitution.[1] After counsel was appointed for plaintiff, no effort was made to amend the pleadings to assert claims beyond those explicitly referenced in the complaint. In these circumstances, while it is appropriate to give plaintiff the benefit of the doubt as to whether he asserts a RLUIPA claim, it is similarly appropriate to permit defendants the full range of substantive and procedural options they would otherwise have had in responding to such a claim had it been explicitly asserted. Stated otherwise, it was not unreasonable, in the circumstances existing here, for

---

[1]*The complaint also alludes to a constitutional due process violation and violations of institutional policy. However, most pertinent for present purposes, it makes no allusion to RLUIPA or other statutory basis for relief.*

defendants to defend the case on the assumption that only constitutional claims were raised. Further consideration of the RLUIPA claim may therefore involve, as appropriate, amendment of pleadings, additional discovery and further motion practice, so as to avoid prejudice to defendants from now recognizing the assertion of a RIUPA claim.

The Report and Recommendation, viewed in accordance with the above discussion of the RIUPA claim, is adopted in its entirety. Defendants' motion for summary judgment is **GRANTED** as to plaintiff's First Amendment claims. The case is re-referred to Magistrate Judge Bacharach for further proceedings as to the RIUPA claim.

**IT IS SO ORDERED**.

Dated this 12th day of November, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE